**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 01:15 PM October 9, 2020**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| CHRISTY J. KEENER, | : | Case No. 20-60291 |
| | : | |
| Debtor. | : | Judge Russ Kendig |
| | : | |
| | : | |

## MEMORANDUM OPINION ON DEBTOR'S AMENDED MOTION TO VACATE DISCHARGE ORDER

### I.   Introduction

After filing a bankruptcy petition, a debtor may enter into a reaffirmation agreement with a creditor to reaffirm an otherwise dischargeable debt. But in order to be effective, the agreement must comply with 11 U.S.C. § 524(c).[1] That section requires, among other things, that the agreement be made before the debtor is granted a discharge. In the instant case, Debtor intended to reaffirm a debt with PHH Mortgage Services ("Creditor") but did not sign a reaffirmation agreement until approximately two months after the discharge order was entered. Now, Debtor

---

[1] Hereinafter, unless otherwise indicated, all chapter and section references are to Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

seeks to temporarily vacate her discharge for thirty days under Rule 60(b) of the Federal Rules of Civil Procedure[2] so that she can file the reaffirmation agreement. For the reasons set forth below, Debtor's request is denied.

## II. Jurisdiction

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. Gen. Ord. No. 2012-07 (N.D. Ohio April 4, 2012). This matter is a core proceeding and the court has statutory authority to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(A), (O). And because the matter "stems from the bankruptcy itself," the court also has constitutional authority to enter final orders and judgments. Stern v. Marshall, 564 U.S. 462, 499 (2011). Pursuant to 28 U.S.C. §§ 1408 and 1409, venue in this court is proper. This opinion constitutes the court's findings of fact and conclusions of law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## III. Background

Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code on February 17, 2020. Creditor is listed in Schedule D as holding a claim in the amount of $160,222.91, partially secured by a mortgage on real property located at 603 State Route 511 Ashland, Ohio 44805 (the "Property"). In her Statement of Intention, Debtor expressed an intent to retain the Property and enter into a reaffirmation agreement with Creditor but a reaffirmation agreement was never filed. On June 12, 2020, the discharge order was entered. Debtor filed an Amended Motion to Vacate Discharge Order (Doc. #19) (the "Motion") on August 21, 2020.

---

[2] Rule 60(b) is applicable in bankruptcy cases pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure.

## IV.  Law & Analysis

Debtor seeks to temporarily vacate her discharge for thirty days under Rule 60(b)(1) and (6) for the purpose of filing a reaffirmation agreement.  In the Motion, Debtor alleges that she requested a reaffirmation agreement from Creditor multiple times, but Creditor's employees were working remotely due to the COVID-19 pandemic and did not return an agreement to Debtor for her signature until August 14, 2020.  Debtor argues that it is not her fault the agreement was executed after the discharge was entered.  Debtor contends that the COVID-19 pandemic constitutes an extraordinary circumstance that justifies vacating the discharge order under Rule 60(b).

### A.  Reaffirmation Agreements and § 524(c)(1)

A reaffirmation agreement is a post-petition contract between a debtor and creditor that "selectively excludes" a debt from discharge.  Salyersville Nat'l Bank v. Bailey (In re Bailey), 664 F.3d 1026, 1028 (6th Cir. 2011).  "In its classic form, the debtor agrees to remain on the hook for an obligation that otherwise would be dischargeable in bankruptcy in exchange for the right to keep collateral that he otherwise would have to give up."  Id. (citing Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 420 (6th Cir. 2000)); Pickerel v. Household Realty Corp. (In re Pickerel), 433 B.R. 679, 683 (Bankr. N.D. Ohio 2010) (explaining that a reaffirmation agreement "normally arises in the context where a debtor, having an interest in property subject to a security interest, wishes to retain the encumbered property.").

Section 524(c) governs reaffirmation agreements.  The relevant portion of that section provides that a reaffirmation agreement "is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if—(1) such agreement was *made before the granting of the discharge* under section 727 . . . ."  § 524(c)(1)

3

(emphasis added).  A reaffirmation agreement is "made" when it is in writing and signed by the parties.  Chandler v. Peoples Bank & Trust Co. of Hazard, 769 F. App'x 242, 246 (6th Cir. 2019) (citing In re Jenerette, 558 B.R. 189, 191 (Bankr. E.D. Mich. 2016)); In re Giglio, 428 B.R. 397, 402 (Bankr. N.D. Ohio 2009) (noting that under "basic principles of contract law" a reaffirmation agreement does not become a binding contract until it is signed).

Because they exclude certain debts from the effect of the bankruptcy discharge, reaffirmation agreements impair one of the chief purposes of the Bankruptcy Code – granting the honest but unfortunate debtor a fresh start.  See In re Wilhelm, 369 B.R. 882, 883 (Bankr. M.D.N.C. 2007) ("Reaffirmation agreements are generally not favored by courts as they are contrary to one of the primary goals of the Bankruptcy Code: to provide a debtor with a fresh start."); see also Rafoth v. Chimento (In re Chimento), 43 B.R. 401, 403 (Bankr. N.D. Ohio 1984) (explaining that the discharge "is at the heart of the Bankruptcy Code's fresh start provisions." (citations omitted)).  Therefore, in order to be binding, a reaffirmation agreement must "strictly comply" with the disclosure and timing provisions set forth in § 524(c).  Chandler, 769 F. App'x at 246 (citing Ford Motor Credit Co. v. Morton (In re Morton), 410 B.R. 556, 683 (B.A.P. 6th Cir. 2009)).  A reaffirmation agreement that fails to strictly comply with § 524(c) is unenforceable. See, e.g., Bankr. Receivables Mgmt. v. Lopez (In re Lopez), 345 F.3d 701, 710 (9th Cir. 2003) (affirming lower court holding that reaffirmation agreement executed after discharge was invalid). The mandatory requirements in § 524(c) reflect Congress' intent to protect debtors from making reckless decisions with respect to their discharge.  See Republic Bank of Cal. v. Getzoff (In re Getzoff), 180 B.R. 572, 574 (B.A.P. 9th Cir. 1995) ("The reaffirmation rules are intended to protect debtors from compromising their fresh start by making unwise agreements to repay dischargeable

4

debts." (citation omitted)); see also Arnhold v. Kyrus (In re Arnhold), 851 F.2d 738, 740-41 (4th Cir. 1988) (addressing older version of § 524).

## B. Post-Discharge Reaffirmation Agreements and Rule 60(b)

Given § 524(c)(1)'s unambiguous language and purpose, a majority of bankruptcy courts deny requests by debtors to vacate their discharge orders under Rule 60(b) for the purpose of filing post-discharge reaffirmation agreements. See, e.g., Wilhelm, 369 B.R. at 883; In re Wills, No. 14-33912, 2015 Bankr. LEXIS 867, at *6 (Bankr. N.D. Ohio March 19, 2015); In re Nichols, No. 10-01323, 2010 Bankr. LEXIS 4019, at *8 (Bankr. N.D. Iowa Nov. 29, 2010); In re Golladay, 391 B.R. 417, 424 (Bankr. C.D. Ill. 2008); In re Stewart, 355 B.R. 636, 638-39 (Bankr. N.D. Ohio 2006); Rigal v. Fleet Mortg. Corp. (In re Rigal), 254 B.R. 145, 149 (Bankr. S.D. Tex. 2000).[3] Furthermore, because Rule 60(b) cannot be used to "abridge, enlarge, or modify any substantive right[,]" 28 U.S.C. § 2075, and because debtors lack statutory authority under § 727(d) to seek revocation of a discharge, many courts have held that Rule 60(b) can only be used to correct a court's *own* error[4] in entering the discharge order. See In re Kirk, No. 7-13-13269, 2014 Bankr. LEXIS 1169, at *14 (Bankr. D.N.M. Mar. 25, 2014) (collecting cases); see also In re Engles, 384 B.R. 593, 598, n. 20 (Bankr. N.D. Okla. 2008) (collecting cases).

---

[3] Likewise, most courts deny requests by debtors to reopen their case for the purpose of filing post-discharge reaffirmation agreements. See, e.g., In re Smith, No. 14-32433, 2015 Bankr. LEXIS 1771, at *9 (Bankr. N.D. Ohio May 28, 2015); In re Judson, 586 B.R. 771, 774 (Bankr. C.D. Cal. 2018); In re Eastep, 562 B.R. 783, 789-90 (Bankr. W.D. Okla. 2017); In re Mardy, No. 10-73819, 2011 Bankr. LEXIS 880, at *17, 18 (Bankr. E.D.N.Y. Mar. 15, 2011); In re Gibson, 256 B.R. 786, 788 (Bankr. W.D. Mo. 2001); In re Burgett, 95 B.R. 524, 525 (Bankr. S.D. Ohio 1988); cf. In re Parker, 372 B.R. 835, 837 (Bankr. W.D. Tex. 2007) (denying reaffirmation agreement filed the day after the case was closed because the agreement was executed after discharge).

[4] The Sixth Circuit permits relief from an order under Rule 60(b)(1) based on the court's own legal error. Barrier v. Beaver, 712 F.2d 231, 234-35 (6th Cir. 1983). However, the court has not addressed whether (and under what circumstances) a debtor can vacate a discharge order under Rule 60(b) to file a post-discharge reaffirmation agreement.

A minority of bankruptcy courts have held otherwise.  See, e.g., In re Edwards, 236 B.R. 124, 126–27 (Bankr. D.N.H. 1999); In re Eccleston, 70 B.R. 210, 213 (Bankr. N.D.N.Y. 1986); In re Long, 22 B.R. 152, 154 (Bankr. D. Me. 1982); In re Solomon, 15 B.R. 105, 106 (Bankr. E.D. Pa. 1981).  In Edwards, the court granted the debtor's request to vacate the discharge order because the debtor was not at fault for the fact that the agreement was executed late and no party would be prejudiced.  The court identified the following two factors to consider when determining whether to vacate a discharge order: "(1) the consideration of relative prejudice to the parties; and (2) the degree of the debtor's culpability in allowing the order to be entered."  Id. at 127-28 (citation omitted).  The court also cautioned that it would typically not vacate a discharge order absent "special circumstances" due to the high degree of finality that should be afforded orders and judgments.  Id. at 127.

The Tenth Circuit also has a more expansive view on vacating discharge orders.  In Midkiff v. Stewart (In re Midkiff), the Tenth Circuit affirmed a bankruptcy court's decision to vacate a chapter 13 discharge order under Rule 60(b) for the limited purpose of allowing a trustee to administer the debtors' tax refund pursuant to their plan.  342 F.3d 1194, 1203 (10th Cir. 2003). In that case, the trustee received the debtors' tax refund check after the discharge order was entered, the check pre-dated the discharge order, and the tax refund constituted disposable income under the plan.  The trustee argued that the discharge order had been entered by "mistake" because the trustee had been "surprised" by "newly discovered evidence"—i.e. the tax refund check.  Id. at 1197.  The Tenth Circuit agreed, holding that nothing in 11 U.S.C. § 1328(e) pertaining to revocation of a chapter 13 discharge order prevents a court from vacating a discharge order under Rule 60(b).  However, the court did not address whether a chapter 7 debtor could vacate her

6

discharge order under Rule 60(b) for the purpose of filing a post-discharge reaffirmation agreement. Thus, Midkiff is distinguishable.

### C. Debtor Cannot Use Rule 60(b) to Override § 524(c)(1)

Because the language of § 524(c)(1) is plain and unambiguous, the court must enforce it according to its terms. See Chase Manhattan Mortg. Corp. v. Shapiro (In re Lee), 530 F.3d 458, 470-71 (6th Cir. 2008) (citing U.S. v. Ron Pair Enters., 489 U.S. 235, 241 (1989)). In addition, the court cannot use its equitable authority to bypass § 524(c)(1)'s mandatory timing requirement. See Law v. Siegel, 571 U.S. 415, 421 (2014) ("[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." (citations and quotation marks omitted)); see also Unsecured Creditors' Comm. of Highland Superstores v. Strobeck Real Estate (In re Highland Superstores), 154 F.3d 573, 578-79 (6th Cir. 1998) ("Bankruptcy courts simply do not have free rein to ignore a statute in the exercise of their equitable powers pursuant to 11 U.S.C. § 105."). Therefore, this court disagrees with Edwards and other decisions that have allowed debtors to vacate discharge orders under Rule 60(b) to file post-discharge reaffirmation agreements. Those decisions, which are largely based on notions of equity, are contrary to the plain text of the Bankruptcy Code. This court believes that the majority view—that Rule 60(b) can only be used to vacate a discharge order to correct the court's own mistake—is more consistent with the language of the Bankruptcy Code and the purpose of § 524(c)(1).

Here, the discharge order was not entered by mistake. Rule 4004(c) of the Federal Rules of Bankruptcy Procedure provides that, with certain exceptions, the court shall grant a discharge in a chapter 7 case "on expiration of the times fixed for objecting to discharge and or filing a motion to dismiss the case under Rule 1017(e) . . . ." FED. R. BANKR. P. 4004(c). The deadline to

7

object to discharge or file a motion to dismiss is sixty days after the first date set for the section 341 meeting of creditors (the "341 Meeting"). FED. R. BANKR. P. 1017(e)(1), 4004(a). The first date set for the 341 Meeting in this case was April 9, 2020, objections were due by June 8, 2020, and the section 341 notice (ECF No. 7) informed Debtor of these dates. No objections to discharge or motions to dismiss were filed, and the discharge order was properly entered on June 12, 2020.

### D. Even Under the Broader View of Rule 60(b), Debtor's Arguments Fail

#### 1. *Rule 60(b)(1)*

Rule 60(b)(1) provides that a court may relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect . . . ." FED. R. CIV. P. 60(b)(1). Courts consider three factors in determining whether relief is appropriate under Rule 60(b)(1): "'(1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors.'" Yeschick v. Mineta, 675 F.3d 622, 628-29 (6th Cir. 2012) (quoting Flynn v. People's Choice Home Loans, Inc., 440 F. App'x 452, 457-58 (6th Cir. 2011)).

The Supreme Court has held that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993). These circumstances include: (1) the risk of prejudice to the non-moving party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay and whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. Id. The Sixth circuit has repeatedly described this standard as "difficult to satisfy." Cmty. Fin. Servs. Bank v. Edwards (In re Edwards), 748 F. App'x 695, 698 (6th Cir. 2019) (collecting cases).

8

Debtor filed the Motion over two months after the discharge order was entered. There is no indication that Debtor did not act in good faith. Nor is there any discernable risk of prejudice to Creditor or the bankruptcy estate if the court grants the Motion. Debtor blames Creditor for the fact that the reaffirmation agreement was executed late, alleging that Creditor delayed returning the agreement to her. But a creditor's delay in returning a reaffirmation agreement to a debtor is not unusual. It is relatively common, which is why debtors are permitted to ask the court to delay the entry of discharge pursuant to Rules 4004(c)(1)(J) and 4008(a) of the Federal Rules of Bankruptcy Procedure. See In re Clark, No. 10-73746, 2010 Bankr. LEXIS 4964, at *10 (Bankr. E.D.N.Y. Dec. 21, 2010) ("The Code and the Federal Rules of Bankruptcy Procedure give debtors ample opportunity to delay the entry of the discharge in order to accomplish a reaffirmation." (citations omitted)).[5] Here, Debtor was on notice that the reaffirmation agreement had to be fully executed prior to discharge. And when the deadline was approaching, there was nothing stopping Debtor from filing a motion to delay it. But Debtor failed to do so. As a result, the reaffirmation agreement was executed after the discharge order was entered. This was entirely preventable by Debtor. Debtor has offered no explanation as to why she failed to ask the court to delay the entry of discharge.[6] Thus, Debtor has not demonstrated excusable neglect.

---

[5] Rule 4008 allows the court "at any time" to enlarge the time to "file" a reaffirmation agreement. FED. R. BANKR. P. 4008(a). But there is a difference between "filing" and "making" a reaffirmation agreement. And § 524(c)(1) clearly states that a reaffirmation agreement must be "*made* before the granting of the discharge . . . ." § 524(c)(1) (emphasis added). Consequently, a debtor may not use Rule 4008 to enlarge the time to file a post-discharge reaffirmation agreement. See, e.g., In re Salas, 431 B.R. 394, 396 (Bankr. W.D. Tex. 2010) (noting that a request to extend the deadline to file a reaffirmation agreement pursuant to Rule 4008(a) would be "futile" if the agreement was executed after discharge).

[6] If Debtor simply forgot, this neglect would not be excusable. See, e.g., Trevino v. City of Fort Worth, 944 F.3d 567, 571–72 (5th Cir. 2019) (affirming district court holding that plaintiff's lack of diligence in failing to respond to a motion to dismiss did not constitute excusable

9

In any event, Debtor does not have a meritorious request. Debtor seeks an order temporarily vacating her discharge for thirty days so that she can file a reaffirmation agreement that was executed after the discharge order was entered. But § 524(c)(1) is a substantive, statutory deadline that cannot be waived or extended after the discharge is entered. In re Collins, 243 B.R. 217, 219 (Bankr. D. Conn. 2000) (citations omitted). Thus, simply setting aside the discharge order for thirty days would not be sufficient; the court would have to vacate the discharge order *ab initio* to allow Debtor to file an enforceable reaffirmation agreement. See Kirk, 2014 Bankr. LEXIS 1169, at \*16, 20. But the court has no authority to grant such retroactive relief. Id. at \*16, 17 (collecting cases). The court also does not have authority to grant Debtor *nunc pro tunc* relief because the discharge order was not entered by mistake. See Roman Catholic Archdiocese of San Juan v. Acevedo Feliciano, -- U.S. --, 140 S. Ct. 696, 700, 701 (2020) ("Federal courts may issue *nunc pro tunc* orders, or now for then orders, to reflect the reality of what has already occurred. Such a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court." (citations and quotation marks omitted)). Therefore, relief is not warranted under Rule 60(b)(1).

### 2. *Rule 60(b)(6)*

Nor is relief warranted under Rule 60(b)(6). That rule allows a court to relieve a party from a final judgment or order for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Rule 60(b)(6) is a catchall provision that "vests courts with a deep reservoir of equitable power to vacate judgments 'to achieve substantial justice' in the most 'unusual and extreme situations.'"

---

neglect). Nor would it be excusable neglect if Debtor simply misunderstood § 524(c)(1) or Rule 4008(a). See, e.g., FHC Equities, L.L.C. v. MBL Life Assurance Corp., 188 F.3d 678, 683–87 (6th Cir. 1999) (affirming district court holding that an attorney's mistaken interpretation of the federal rules did not constitute excusable neglect justifying relief under Rule 60(b)(1)); see also Pioneer, 507 U.S. at 397 (explaining that clients are bound by the acts and omissions of counsel).

10

Zagorski v. Mays, 907 F.3d 901, 904 (6th Cir. 2018) (quoting Stokes v. Williams, 475 F.3d 732, 735 (6th Cir. 2007)). In deciding a Rule 60(b)(6) motion, the court "must 'intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in the light of all the facts.'" Zagorski, 907 F.3d at 904 (quoting McGuire v. Warden, 738 F.3d 741, 750 (6th Cir. 2013)).

This case does not present an unusual or extreme situation that justifies vacating the discharge order under Rule 60(b)(6). Whether Creditor's delay was caused by the fact that its employees were working remotely due to the COVID-19 pandemic or some other reason – it makes no difference. A reaffirmation agreement is a voluntary contract. See Bailey, 664 F.3d at 1028. As such, Creditor was under no obligation to enter into one with Debtor. Furthermore, a creditor's delay in returning a reaffirmation agreement to a debtor, for whatever reason, is not an extraordinary occurrence, and a debtor is not without recourse when this happens. In short, Debtor has not demonstrated circumstances that justify vacating the discharge order under Rule 60(b)(6).

## V.   Conclusion

For all of these reasons, the Motion is not well taken. The court will enter a separate order in accordance with this opinion.

**Service List**:

Rebecca K. Hockenberry
Thompson & Hockenberry Co LPA
371 Lexington Avenue
Mansfield, OH 44907

Josiah L. Mason
153 W. Main Street
PO Box 345
Ashland, OH 44805-2219

11